UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | |
| v. | |
| Shpendim Haxhaj et al., | |
| *Defendants.* | |

**Protective Order**

**21 Cr. 17 (KPF)**

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.**  The Government will make disclosure to the Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."  The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

2. **Sensitive Disclosure Material.**  Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein.  The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3.  **Facilitation of Discovery.**  The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose all disclosure material and sensitive disclosure material without significant delay occasioned by complete responsiveness review or comprehensive redactions.  It will also afford the defense prompt access to those materials which will facilitate the preparation of the defense.

4.  **Good Cause.**  There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5.  Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or their counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

6.  Disclosure material may be disclosed by counsel to:

a.  Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b.  Prospective witnesses for purposes of defending this action; and

---

[1]     This does not prohibit defense counsel from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

    c.   The Defendants.

    7.   Sensitive disclosure material shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

    a.   The Defendants may review sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

    b.   The Defendants may not copy or otherwise record sensitive disclosure material; and

    c.   The Defendants may not keep sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

    8.   Highly sensitive disclosure material shall be labeled "ATTORNEY'S EYES ONLY" or "AEO" and may be disclosed only to personnel for whose conduct counsel is responsible (*not to the Defendants*).

    9.   Defense counsel may seek the Government's consent to modify any designation under this Order, and in the event the Government does not consent, may seek Court intervention.

    10. Any Coordinating Discovery Attorney (CDA), if appointed by the Court, may disclose, make copies of, or reveal the contents of such materials to defense counsel and to the CDA's employees who are assisting in the preparation and dissemination of such materials, and to third party vendors the CDA may deem necessary to retain to process the discovery the CDA receives, all in furtherance of fulfilling her duties and obligations under the Court's order appointing the CDA. The CDA shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and the CDA shall instruct such other persons that further disclosure is prohibited.

11. The Government may authorize, in writing, disclosure of material beyond that otherwise permitted by this Order without further Order of this Court.

12. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or order of the Court.  All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure  49.1.

## Return or Destruction of Material

13. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.  This provision does not apply to each Defendant's handling of any disclosure material or ESI that originally belonged to that Defendant.

**Retention of Jurisdiction**

14.   The provisions of this order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of the

case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____        Date: _____January 18, 2021_____
Mathew Andrews
Frank J. Balsamello
Benjamin Gianforti
Assistant United States Attorneys

_____              Date: _3/11/21_
Murray Richman, Esq.
Counsel for Shpendim Haxhaj

_____              Date: _____
Irving Cohen, Esq.
Counsel for Yeltsin Beltran

_____              Date: _____
Xavier Donaldson, Esq.
Counsel for Boris Beltran

_____              Date: _____
Daniel McGuinness, Esq.
Counsel for Jeremy Cedeno

_____              Date: _____
Louis Fasulo, Esq.
Counsel for Francisco Ortega

5

**Retention of Jurisdiction**

14.     The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date: _____January 18, 2021_____
Mathew Andrews
Frank J. Balsamello
Benjamin Gianforti
Assistant United States Attorneys


_____     Date: _____
Murray Richman, Esq.
Counsel for Shpendim Haxhaj


_/s/ Irving Cohen_____     Date: _____March 11, 2021_____
Irving Cohen, Esq.
Counsel for Yeltsin Beltran


_____     Date: _____
Xavier Donaldson, Esq.
Counsel for Boris Beltran


_____     Date: _____
Daniel McGuinness, Esq.
Counsel for Jeremy Cedeno


_____     Date: _____
Louis Fasulo, Esq.
Counsel for Francisco Ortega


5

**Retention of Jurisdiction**

14.    The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____        Date:    _____January 18, 2021_____
Mathew Andrews
Frank J. Balsamello
Benjamin Gianforti
Assistant United States Attorneys


_____        Date:    _____
Murray Richman, Esq.
Counsel for Shpendim Haxhaj


_____        Date:    _____
Irving Cohen, Esq.
Counsel for Yeltsin Beltran

_____        Date:    __3/11/21__
Xavier Donaldson, Esq.
Counsel for Boris Beltran


_____        Date:    _____
Daniel McGuinness, Esq.
Counsel for Jeremy Cedeno


_____        Date:    _____
Louis Fasulo, Esq.
Counsel for Francisco Ortega

5

**Retention of Jurisdiction**

14.   The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney


by: _____        Date:   _____January 18, 2021_____
Mathew Andrews
Frank J. Balsamello
Benjamin Gianforti
Assistant United States Attorneys



_____        Date:   _____
Murray Richman, Esq.
Counsel for Shpendim Haxhaj



_____        Date:   _____
Irving Cohen, Esq.
Counsel for Yeltsin Beltran



_____        Date:   _____
Xavier Donaldson, Esq.
Counsel for Boris Beltran


_____        Date:   _3/15/2021_____
Daniel McGuinness, Esq.
Counsel for Jeremy Cedeno



_____        Date:   _____
Louis Fasulo, Esq.
Counsel for Francisco Ortega


5

**Retention of Jurisdiction**

14.   The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____            Date:    ____January 18, 2021____
    Mathew Andrews
    Frank J. Balsamello
    Benjamin Gianforti
    Assistant United States Attorneys


                                          Date:   _____
    _____
    Murray Richman, Esq.
    Counsel for Shpendim Haxhaj


                                          Date:   _____
    _____
    Irving Cohen, Esq.
    Counsel for Yeltsin Beltran


                                          Date:   _____
    _____
    Xavier Donaldson, Esq.
    Counsel for Boris Beltran


                                          Date:   _____
    _____
    Daniel McGuinness, Esq.
    Counsel for Jeremy Cedeno


    _____            Date:   1/19/2021
    Louis Fasulo, Esq.
    Counsel for Francisco Ortega

5

_____

Calvin Scholar, Esq.
Counsel for Ivis Perdomo

Date:  ___2/10/21___


_____

Stacey Richman, Esq.
Counsel for Drilon Haxhaj

Date:  _____


SO ORDERED:
Dated:  New York, New York
         _____, 2021


_____

HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE


6

_____          Date: _____
Calvin Scholar, Esq.
Counsel for Ivis Perdomo

_____          Date: 2/5/21
Stacey Richman, Esq.
Counsel for Drilon Haxhaj

SO ORDERED:
Dated:  New York, New York
          March 16      , 2021

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

6